# TATE, SUPERINTENDENT, CHILLICOTHE CORRECTIONAL INSTITUTE v. ROSE

No. A–935 (83–1747).   Decided May 19, 1984

JUSTICE O'CONNOR, Circuit Justice.

The petitioner in No. 83–1747 is the Superintendent of the Chillicothe Correctional Institute at Chillicothe, Ohio.   The respondent is an Ohio prisoner in petitioner's custody.   Respondent applied to the United States District Court for the Southern District of Ohio for a writ of habeas corpus.   The District Court granted the writ, and the United States Court of Appeals for the Sixth Circuit affirmed.   *Rose* v. *Engle*, 722 F. 2d 1277 (1983).   Petitioner challenges that decision in No. 83–1747.

1301

Respondent, who is entitled to a new trial under the Court of Appeals' ruling, has been ordered released on May 21, 1984, pending retrial. Petitioner seeks a stay of the Court of Appeals' judgment until this Court completes its consideration of his petition. In deciding whether to grant the requested stay, I am obliged to determine whether four Justices are likely to vote to grant certiorari, to balance the "stay equities," and to gauge the likely outcome of this Court's consideration of the case on the merits. See *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers). I conclude that the stay should be granted.

Respondent was convicted of murder in 1979. At the trial, the prosecutor introduced certain statements that respondent made, after he had invoked his right to silence and to the presence of an attorney, in response to a police officer's renewed questioning. Petitioner concedes that these statements were elicited in violation of *Edwards* v. *Arizona*, 451 U. S. 477 (1981), decided two years after respondent's conviction.

The Court of Appeals affirmed the District Court's grant of habeas relief because it concluded, following the analysis of *United States* v. *Johnson*, 457 U. S. 537 (1982), that *Edwards* should be applied retroactively to respondent's case. The court observed that respondent's conviction had not become final at the time *Edwards* was decided, since the time for filing a petition for a writ of certiorari on direct appeal expired at the end of the very day *Edwards* was handed down. The issue presented in the petition is whether the *Edwards* decision should have been applied to respondent's case.

In *Solem* v. *Stumes*, 465 U. S. 638 (1984), this Court recently decided that *Edwards* v. *Arizona* "is not to be applied in collateral review of final convictions." 465 U. S., at 650. The Court expressly declined to decide whether *Edwards* was retroactive in collateral proceedings for any case, such as

respondent's, in which the conviction was not yet final when *Edwards* was decided. The petition in No. 83–1747 accordingly presents a question left open in *Solem* v. *Stumes*.

The Court's decision in *Stumes*, however, sheds considerable light on the correctness of the Sixth Circuit's decision in respondent's case. First, the Court concluded, contrary to the Sixth Circuit's view, that the analysis adopted in *United States* v. *Johnson, supra,* is not applicable to the decision whether *Edwards* is retroactive. 465 U. S., at 643, n. 3. Thus, the Court of Appeals followed an erroneous approach in considering the retroactivity of *Edwards*. Second, the rationale of the Court in *Solem* v. *Stumes* casts into substantial doubt the Sixth Circuit's conclusion that *Edwards* presents a ground for ordering a new trial in respondent's case. The Court reasoned that *Edwards* "has only a tangential relation to truthfinding at trial," 465 U. S., at 643–644; that police cannot "be faulted if they did not anticipate [the] *per se* approach" of *Edwards,* 465 U. S., at 647; and that "retroactive application of *Edwards* would have a disruptive effect on the administration of justice," *id.,* at 650. Although new arguments, of course, might be made to blunt the force of this reasoning in cases presenting different facts from those presented in *Stumes,* the reasoning of *Stumes* strongly suggests that *Edwards* should not retroactively render inadmissible a statement, such as those at issue in respondent's case, obtained by police years before *Edwards* was decided.

Because the petition in No. 83–1747 presents an open question and because *Solem* v. *Stumes* makes highly doubtful the correctness of the decision of the Court of Appeals, I think it likely that four Justices will vote to grant the petition. As for disposition of the case on the merits, I think it likely that the Court will either (1) give plenary consideration to the question left open in *Solem* v. *Stumes* and reverse the judgment of the Court of Appeals or (2) vacate the Court of Appeals' judgment and remand the case for reconsideration in light of *Solem* v. *Stumes.* I further conclude that the "stay

equities" balance in petitioner's favor: granting the stay for the time necessary to consider the petition should not cause a significant incremental burden to respondent, who has been incarcerated for several years, but doing so will relieve the State of Ohio of the burden of releasing respondent or retrying him.

I therefore grant the application for a stay of the judgment of the United States Court of Appeals for the Sixth Circuit in *Rose* v. *Engle*, *supra*, pending disposition of the petition for a writ of certiorari in No. 83–1747.

*It is so ordered.*